# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ROY JONES (#358063)                                         CIVIL ACTION

VERSUS

DR. JASON COLLINS, ET AL.                         NO. 13-0392-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 7, 2014.

                                                       RICHARD L. BOURGEOIS, JR.
                                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY JONES (#358063)                                              CIVIL ACTION

VERSUS

DR. JASON COLLINS, ET AL.                                        NO. 13-0392-SDD-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion for Summary Judgment (R. Doc. 28). This Motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Jason Collins, Nurse Practitioner Karla Bringedahl, Medical Technician White (also identified as "EMT # 535"), Medical Technician Diaz (also identified as "EMT # 544"), Ass't Warden Stephanie Lamartiniere, Lt. Mark Allen, an unidentified "Jane Doe" medical technician identified as "EMT # 537" and an unidentified "John Doe Social Worker Supervisor" at LSP, complaining that his constitutional rights were violated on February 1, 2013, when defendant Mark Allen allegedly subjected the plaintiff to unsanitary working conditions and denied him medical attention, and continuing thereafter when the remaining defendants allegedly subjected him to deliberate medical indifference. Pursuant to the issuance of a previous Magistrate Judge's Report in this case, approved by the District Judge on July 18, 2014, *see* R. Docs. 24 and 26, all of the plaintiff's claims have been dismissed except his claim asserted under the Eighth Amendment to the United States Constitution against defendants Dr. Jason Collins and EMT Dorothy White, in their individual capacities, of alleged deliberate medical indifference occurring between February 17 and February 28, 2013.

The remaining defendants now move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent administrative remedy proceedings, a certified copy of excerpts from the plaintiff's medical records, and the affidavits of Dr. Randy Lavespere and Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must

review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

As pertinent to the issues remaining before the Court, the plaintiff alleges in his Complaint that on February 1, 2013, he was assigned to cut potatoes in the LSP planting shed, and he suffered a blister on his right index finger. According to the plaintiff, approximately two weeks later, on February 15, 2013, he elected to puncture the referenced blister. Two days after doing so, on February 17, 2013, he requested medical attention because his finger had become swollen. On that date, he was allegedly seen and evaluated by a medical technician who prescribed a 3-day duty status of bed-rest and no duty. Two days later, on February 19, 2013, the plaintiff again requested medical attention and this time was evaluated by a second medical technician, who ordered medication for the plaintiff. Later that same date, the plaintiff also declared himself to be a medical emergency and was evaluated by defendant Dorothy White, an LSP medical technician who allegedly criticized the plaintiff for having ruptured the blister with his teeth. Notwithstanding, the plaintiff acknowledges that he was taken to the LSP infirmary shortly thereafter and was there prescribed "Bactrim" (an antibiotic) by defendant Dr. Collins and given another duty status, calling for no use of his right hand for three days. Finally, on February 21, 2013, the plaintiff again requested medical attention and was seen the next day, February 22, 2013, by an unidentified medical technician, who ordered that the plaintiff be escorted to the LSP infirmary. The plaintiff alleges that, once there, defendant Dr. Collins again evaluated the plaintiff and determined that the plaintiff needed to be sent to an outside medical facility for treatment. As a result, the plaintiff was transported to the Medical Center in New Orleans where surgery was performed on his finger and where he was allegedly told that he had suffered a bacterial infection at the site of the blister. Finally, the plaintiff asserts that he returned to LSP

on February 26, 2013, and he complains that written instructions provided by the New Orleans facility for follow-up care were apparently lost or misplaced, resulting in subsequent deficient treatment and in permanent stiffness to his finger joint.

In response to the plaintiff's allegations, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff has failed to establish the existence of any genuine disputed issue of material fact relative to their violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas*

*Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[1]

Undertaking the qualified immunity analysis in connection with the plaintiff's claims, the Court finds that the defendants' motion should be granted. Specifically, the plaintiff has not met his burden in opposing the defendants' motion and has not come forward with evidence sufficient to rebut the defendants' evidentiary showing in connection with the plaintiff's claim of alleged deliberate medical indifference.

An inmate who seeks to assert a claim regarding inadequate medical care under § 1983 must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the

---

1. The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra.* Further, a mere delay in providing treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing principles, the Court finds that the plaintiff has failed to allege facts or produce evidence which suggest that either defendant exhibited deliberate indifference to the plaintiff's serious medical needs. It appears from the evidence adduced by the defendants that the plaintiff was seen on only one occasion by each defendant during the relevant time period, on February 19, 2013 by defendant White and on the same date by defendant Collins, and that neither the plaintiff's medical records nor the plaintiff's allegations of fact suggest that the defendants ignored his complaints at that time or were deliberately indifferent to a perceived "substantial risk of serious harm."[2] The plaintiff's medical records reflect that he submitted a Health Care Request Form on February 19, 2013, declaring himself to be a medical emergency. In response, the plaintiff was attended at his housing unit by defendant EMT White, who noted in a written medical assessment that the plaintiff reported having popped a blister on his finger five (5) days previously and reported that the finger was now throbbing and painful. Upon examination, the defendant noted that the finger was swollen, infected, and exhibited "slight

---

2. Contrary to the plaintiff's assertion in his Complaint, he was not apparently seen by defendant Dr. Collins on February 22, 2013. Instead, according to the attached medical records and the affidavit of Dr. Randy Lavespere, the plaintiff was seen by another physician on that date. However, even if the plaintiff's medical care had been provided by defendant Collins on February 22, 2013, there would be no basis for a finding that this care was reflective of deliberate medical indifference. To the contrary, the plaintiff was provided with transportation to the Earl K. Long Medical Center in Baton Rouge, Louisiana, on that date for additional evaluation and treatment. This is not indicative of a failure to attend to the plaintiff's serious medical needs.

warmth" but no redness, drainage or bleeding. Based on this assessment, defendant White determined that the plaintiff should be evaluated at the prison medical clinic, and she made a referral for such evaluation. The plaintiff thereafter visited the prison infirmary and was seen by defendant Dr. Jason Collins. The medical record generated as a result of that visit indicates that Dr. Collins observed the plaintiff to have moderate pain to his finger upon palpation and observed the skin around the site to be hot and somewhat discolored. As a result of these findings, Dr. Collins ordered a 3-day limited duty status for the plaintiff, calling for "no use" of his right hand, and started the plaintiff on a 7-day course of antibiotics, with one "stat" dose provided at the time of the visit. According to the affidavit of Dr. Randy Lavespere, submitted in support of the defendants' Motion for Summary Judgment, the medical assessment and treatment provided by each of the defendants on the referenced date were in accordance with "proper medical protocol" and were not reflective of deliberate medical indifference. The plaintiff has not refuted the factual assertions contained in the referenced affidavit. Based upon this showing, the Court finds that the plaintiff's complaint in this case amounts to little more than mere disagreement with the medical treatment that was provided to him on the referenced date. In short, there is no showing in the record that either defendant refused to treat the plaintiff, ignored his symptoms or complaints, intentionally treated him incorrectly or otherwise engaged in conduct reflecting a wanton disregard for a serious medical need. On the showing made, therefore, the plaintiff has not presented evidence sufficient to meet his burden of proof, to rebut the defendants' assertion of qualified immunity, or to show the existence of a genuine disputed issue of material fact regarding whether the defendants were deliberately indifferent to the plaintiff's serious medical needs. Accordingly, the defendants are entitled to summary judgment as a matter of law.

Finally, in the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendants' Motion for Summary Judgment or to the documentary evidence produced in support thereof. Other than the conclusory allegations of the plaintiff's Complaint, unsworn and unsupported by corroborating evidence, there is nothing before the Court which tends to support his assertion that he has been subjected to deliberate medical indifference. What is before the Court for consideration is the plaintiff's acknowledgment, corroborated by his medical records, that when he complained regarding his infected finger on February 19, 2013, his complaints were not ignored. Instead, he was seen by each of the defendants and they each provided medical care that they thought to be appropriate, with defendant Dorothy White sending the plaintiff to the prison infirmary for additional attention and with defendant Collins ordering a course of antibiotics and a limited duty status. Accordingly, based upon the foregoing and upon the

plaintiff's failure in this case to oppose the defendants' Motion for Summary Judgment, to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and to produce supporting evidence on his own behalf, the Court concludes that the defendants' Motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment of defendants Jason Collins and Dorothy White (R. Doc. 28) be granted, dismissing the plaintiff's claims asserted against these defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on November 7, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**